NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Veronica BALLA, <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendants. | Civil No. 18-00386 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Veronica Balla's appeal from the Commissioner of Social Security's final decision denying Plaintiff benefits under the Social Security Act. For the reasons below, the Court **VACATES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Opinion.

**I. BACKGROUND**

The Court recites only the facts that are necessary for context and to its determination on appeal, which is narrow.

**A. Procedural History**

Plaintiff applied for Social Security Disability Insurance Benefits for period of disability beginning September 19, 2013. (R. at 10.) Plaintiff sought disability for physical conditions as well as depression and anxiety. (R. at 106–107.) Plaintiff's claims were initially denied on March 12, 2014 and again upon reconsideration in August 2014. (R. at 10.) Plaintiff then requested a hearing with an Administrative Law Judge ("ALJ"). (*Id.*) That hearing occurred on October 18, 2016. (*Id.*)

1

On March 7, 2017, the ALJ issued an Opinion finding that Plaintiff was not disabled from September 19, 2013 through the date of the Opinion. (R. at 36.) The Appeals Council affirmed that decision, rendering it the Commissioner's final determination. (R. at 1.)

**B. Medical and Plaintiff's History**

Plaintiff was born on April 25, 1957. (R. at 57.) Plaintiff completed high school and held numerous positions as a general clerk and medical billing clerk for various companies. (R. at 60–65.) Plaintiff claims that her depression, anxiety, fibromyalgia and Chronic Obstructive Pulmonary Disease (COPD) prevent her from working. (R. at 70.)

Plaintiff's records show that she reported depressive symptoms including hopelessness, loss of energy, feeling worthless, and difficulties with attention and concentration. (R. at 470–471.) Dr. Louis Lazarus, for example, diagnosed Plaintiff with a depressive episode and noted that she had mild memory deficits. (*Id.*) Dr. Lazarus also noted that Plaintiff felt withdrawn from others, lost interest in taking care of herself, does not socialize with non-family members, has no hobbies or interest, and that she spends most days at home. (R. at 471–472.)

Other doctors made similar findings. Dr. John Gurrieri, for example, diagnosed Plaintiff with anxiety and major depressive disorder, single episode unspecified. (R. at 511, 533.) Dr. Ken Klausman similarly diagnosed Plaintiff with anxiety and depression. (R. at 477.) A third doctor, Dr. Capanuescu, examined Plaintiff and found similarly. (R. at 845.)

**C. ALJ's Decision**

The ALJ followed the five-step sequential evaluation process for disability claims and found that Plaintiff was not disabled during the period in question. At step one, the ALJ found that Plaintiff engaged in no substantial gainful activity since September 19, 2013, her alleged onset date. (R. at 12.)

At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, fibromyalgia, COPD, diabetes, and diabetic neuropathy. (R. at 12.) The ALJ also found that Plaintiff had several mental limitations regarding (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (R. at 17–19.) The ALJ, however, found that Plaintiff's mental limitations on each of these categories were "mild" and not "severe." (*Id.*) In so finding, the ALJ remarked that when Plaintiff regularly took her medication in the proper dosage, she improved and did not have severe mental limitations. (R. at 20.)

At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the Listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. at 22.)

The ALJ then considered Plaintiff's residual functional capacity ("RFC") and concluded that Plaintiff could perform sedentary work with restrictions. (R. at 22.) Specifically, the ALJ found that Plaintiff could perform sedentary work but required opportunities to stand for five minutes after an hour of sitting or to sit for five minutes after an hour of walking or standing, among other exertional limitations. (R. at 22.) In making this determination, the ALJ stated that she evaluated Plaintiff's "impairment-caused physical and mental limitations, as well as the extent of the restrictions that these limitations place on her work-related abilities." (R. at 31.) The RFC discussion, however, does not clearly discuss how, if at all, Plaintiff's mild mental limitations at step two might affect her ability to work, including as a medical billing clerk. Indeed, the ALJ mentioned Plaintiff's mental limitations only in assigning "great weight to the State psychological

consultants' opinions" and concluding that Plaintiff is mildly limited in all of the areas of mental functioning for the reasons noted in at step two. (R. at 33.)

At the fifth and final step, the ALJ concluded that Plaintiff could perform her past relevant work as a medical billing clerk based on the calculated RFC and testimony of the Vocational Expert ("VE"). (R. at 35.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act during the period in question. (*Id.*)

## II. LEGAL STANDARD

When reviewing the Commissioner's final decision, this Court is limited to determining whether substantial evidence supports the decision after reviewing the administrative record as a whole. *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Courts may not set aside the Commissioner's decision if it is supported by substantial evidence, even if the court "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

When reviewing a matter of this type, the Court must be wary of treating the determination of substantial evidence as a "self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). The Court must set aside the Commissioner's decision if it did not take into account the entire record or failed to resolve an evidentiary conflict. *See Schonewolf v. Callahan*, 927 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Evidence is not substantial if "it really constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing

evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114). A district court's review of a final determination is a "qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham." *Kent*, 710 F.2d at 114.

## III. DISCUSSION

Plaintiff argues that the Court should remand this case for two reasons. First, Plaintiff claims that the ALJ failed to consider her mild mental limitations in the RFC analysis. (Doc. No. 9 ("Pl.'s Br.") at 7–12.) As the regulations note, the ALJ "is required to assess all of Plaintiff's impairments—even ones that are not 'severe'—in combination when making the RFC determination." *Curry v. Comm'r of Soc. Sec.*, No. 15-cv-07515, 2017 WL 825196, at *4 (D.N.J. Mar. 2, 2017) (citing 20 C.F.R. § 404.1545(a)(2)). Second, Plaintiff claims that the ALJ failed to include Plaintiff's mild mental limitations in hypotheticals posed to the VE that testified in this case. (Pl.'s Br. 7–12.)

Defendant contends that ALJ was not required to include Plaintiff's mild mental limitations in the RFC analysis or hypothetical to the VE because the evidence shows that Plaintiff's mild mental limitations did not impact her ability to work when Plaintiff took her prescribed psychotropic medication. (Doc. No. 10 ("Def.'s Br.") at 9–15.) Because the Court agrees with Plaintiff's first claim, it need not reach the second.

A recent decision from another court in this District shows why remand is appropriate under the facts of this case. In *Curry*, Judge Hillman remanded the matter because the ALJ failed to properly consider the plaintiff's mild to moderate impairments in the RFC analysis. 2017 WL 825196, at **4–6. There, like here, the ALJ found that the plaintiff suffered mild to moderate mental impairments at step two of the analysis. *Id.* at *5. But in conducting the subsequent RFC

analysis, the ALJ made only a "passing reference to the medical evidence regarding [the plaintiff's] mental health." *Id.* Indeed, "nowhere in the ALJ's RFC assessment" did she "specifically consider or address the impact of Plaintiff's mental limitations on her ability to work as an administrative assistant." *Id.* Although Judge Hillman noted that the impact of those limitations on Plaintiff's ability to work "may be de minimus, or only require minor modifications of Plaintiff's RFC," he declined to "independently determine" their impact on Plaintiff's RFC. *Id.* Thus, Judge Hillman remanded the matter "so that the ALJ may properly consider how Plaintiff's mental impairments affect her RFC and her capability to perform past relevant work." *Id.*[1]

Here, like in *Curry*, the ALJ made only a passing reference to Plaintiff's mild mental limitations when she assigned "great weight to the State psychological consultants' opinions" and concluded that Plaintiff is mildly limited in all of the areas of mental functioning for the reasons noted in the step two analysis. (R. at 33.) As in *Curry*, the ALJ's reference to Plaintiff's mild mental limitations fails to clearly explain the "impact of Plaintiff's mental impairments on her ability to" complete the relevant work. *Curry*, 2017 WL 825196, at *5. Indeed, simply having non-severe, mild mental limitations does not necessarily indicate that Plaintiff could perform her past relevant work at the calculated RFC. As Judge Hillman explained, the impact of those limitations on Plaintiff's ability to work "may be de minimus, or only require minor modifications of Plaintiff's RFC," but this Court declines to independently make that finding here. *Curry*, 2017

---

[1] *See also Engle v. Berryhill*, No. 17-cv-2185, 2019 WL 1003597, at *4 (M.D. Pa. Mar. 1, 2019) (holding that substantial evidence did not support the RFC and remanding because "the ALJ's decision is not clear whether the ALJ gave full consideration to plaintiff's mental impairments and whether he adequately accounted for them in determining her symptoms and her RFC"); *Kich v. Colvin*, 218 F. Supp. 3d 342, 359 (M.D. Pa. 2016) (holding that substantial evidence did not support the RFC and remanding because the ALJ provided no explanation as to why he excluded from the RFC any limitations related to the claimant's mild mental limitations).

WL 825196, at \*\*5–6. Thus, the Court remands this case for the ALJ to consider how, if at all, Plaintiff's mental limitations impact her RFC and ability to work.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court **VACATES** the decision denying benefits and **REMANDS** this matter for further proceedings. An Order shall issue.

Dated: 6/13/2019                                                                /s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge

---

[2] Defendant's reliance on *Ramirez v. Barnhart* does not change this conclusion. 372 F.3d 546, 555 (3d Cir. 2004). There, the panel suggested that ALJ could have a valid explanation for omitting the plaintiff's deficiency in pace in a hypothetical to the VE because that limitation was "so minimal or negligible" that "it would not limit her ability to perform simple tasks." In an appropriate case, such an omission may not be reversible error. *See Stewart v. Astrue*, No. 11-cv-1338, 2012 WL 1969318, at \*20 (E.D. Pa. May 31, 2012) ("We are prepared to accept that the ALJ's failure to include in his RFC assessment or hypothetical question to the VE a specific reference to 'mild limitations' in the three functional areas reflected his determination that those limitations or deficiencies were each 'so minimal or negligible' that they would not significantly limit her ability to perform the work and did not warrant further questioning of the VE."). But in *Ramirez*, the panel ultimately held that the ALJ erred and remanded the matter because the ALJ's hypothetical did not adequately capture and recite all of the plaintiff's mental impairments and limitations they caused. As in *Ramirez*, *Curry*, *Engle*, and *Kich*, the Court finds that remand is the best course on the facts here as well.